IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CASEY CARTER, #K1348**                                                                                          **PETITIONER**

**VERSUS**                                                            **CIVIL ACTION NO. 3:08-cv-1-DPJ-JCS**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                                         **RESPONDENT**

MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT

On February 28, 2008, an order was entered directing Petitioner to submit an original signed application to proceed *in forma pauperis*. On March 7, 2008, Petitioner filed the first page of the application to proceed *in forma pauperis* [6] but failed to submit a complete original signed application to proceed *in forma pauperis*. Petitioner was warned in the February 28, 2008 order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. Petitioner failed to comply with this order.

On March 26, 2008, an order was entered directing Petitioner to show cause, on or before April 14, 2008 why this case should not be dismissed for his failure to comply with the Court's February 28, 2008 order. In addition, Petitioner was directed to comply with the February 28, 2008 order, on or before April 14, 2008. Petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. Petitioner has not complied with the show cause order.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the

action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Petitioner has not complied with two court orders. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the Respondent has never been called upon to respond to Petitioner's pleading, and has never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2008.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE